**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW MUNGER, *on behalf of himself and all others similarly situated*, | ) ) ) ) | CASE NO. 5:23-cv-00337 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | **ORDER CONSOLIDATING CASES** |
| MATCO TOOLS CORPORATION, | ) ) | |
| Defendant. | ) | |

This matter comes before the Court upon all parties' Joint Motion to Consolidate and Stay Responsive Pleading Deadlines (Joint Motion) in the above-captioned matter (R. 6); *Gardner et al. v. Matco Tools Corporation*, No. 5:23-cv-00383, Dkt. 9; and *Faduie v. Matco Tools Corporation*, No. 5:23-cv-00535, Dkt. 7.

Plaintiffs in each of the *Munger*, *Gardner*, and *Faduie* cases bring putative class actions against Defendant Matco Tools Corporation, relating to a data security incident that occurred on or around March 1, 2022, and resulted in the theft of customers' personally identifying and financial information. (R. 1, PageID# 2 ¶¶ 5–6); *Gardner*, Dkt. 1, PageID# 1 ¶ 2; *Faduie*, Dkt. 1-1, PageID# 11–12 ¶¶ 9–10. These three actions include nearly identical factual allegations, raise most of the same claims (*e.g.*, negligence, breach of implied contract) and seek similar relief of a proposed class of individuals impacted by the data security incident (*e.g.*, class certification,

injunctive relief, damages). (R. 1, PageID# 24–30, 32–35 ¶¶ 95–130); *Gardner*, Dkt. 1, PageID# 13–19 ¶¶ 74–109; *Faduie*, Dkt. 1-1, PageID# 31–35, 37–38, 40–43 ¶¶ 95–127, 139–144.

Federal Rule of Civil Procedure 42(a) provides the Court with the ability to consolidate cases if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993). Once the requirement of establishing a common question of law or fact is satisfied, the decision to consolidate rests in the discretion of the Court. *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). In determining whether to consolidate cases, the Court weighs the interests of judicial economy against the potentials for delays, expense, confusion, or prejudice. *Cantrell*, 999 F.2d at 1011; *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011) (citation omitted).

Having considered the parties' joint arguments in favor of consolidation, the Court finds that there is a common question of law and fact in these three cases. Pursuant to Rule 42(a), for good cause, and in the interests of judicial economy, the Joint Motion (R. 6) is GRANTED, and the three captioned cases are consolidated. *Munger*, No. 5:23-cv-00337, is designated as the lead case, and all subsequent filings shall be made under that case number. The parties' Motion to Stay Responsive Pleading Deadlines is also GRANTED. Plaintiffs shall file a Consolidated Amended Complaint on or before June 20, 2023. Defendant shall answer, move, or otherwise respond to the Consolidated Amended Complaint within 60 days of its filing.

IT IS SO ORDERED.

                                                           s/ *David A. Ruiz*
                                                           David A. Ruiz
                                                           U.S. District Judge

Date: May 19, 2023